IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL BRIDGEFORTH,

  Petitioner,      No. CIV S-01-0679 DFL JFM P

 vs.

A. C. NEWLAND, et al.,

  Respondents.     ORDER

_____/

   Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his fourth claim, petitioner contends that the trial court erred in denying several motions for substitute counsel pursuant to <u>People v. Marsden</u>, 2 Cal. 3d 118 (1970) (<u>Marsden</u> motions). From a review of the petition and traverse, it appears that petitioner is challenging the outcome of <u>Marsden</u> hearings held on August 5, 1998, May 5, 1999, and May 6, 1999, and also, possibly, hearings held on May 2, 1998 and July 30, 1998. (<u>See</u> Pet. at 6; Traverse at 16.) None of the trial transcripts relevant to these hearings has been lodged with this court.[1]

/////

---

[1] The reporter's transcript for May 6, 1999, which has been lodged with the court, is missing the relevant pages (34-49).

1

1           Rule 7 of the Rules Governing Habeas Corpus Cases provides that the court may
2  direct that the record be expanded by the parties by the inclusion of additional materials relevant
3  to the determination of the merits of the petition.  The court finds that the transcripts of the
4  <u>Marsden</u> hearings held in this case are necessary to a determination of the merits of petitioner's
5  <u>Marsden</u> claims.[2]
6           Accordingly, good cause appearing, IT IS HEREBY ORDERED that within thirty
7  days from the date of this order, respondent shall lodge the transcripts of all motions for
8  substitution of counsel held in this case and a supplemental answer responding to all of
9  petitioner's <u>Marsden</u> claims.
10 DATED: August 5, 2005.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

/008;bridg679.aug

---

[2] After a review of petitioner's fourth claim contained in the petition before this court, the court finds that petitioner has stated only a claim that the trial court erred in denying his motions for substitute counsel pursuant to <u>People v. Marsden</u>.  Although petitioner makes other confusing and conclusory allegations, particularly with respect to trial counsel's performance and an undefined conflict of interest, he has not stated any other cognizable claim.  "It is well-settled that [c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." <u>Jones v. Gomez</u>, 66 F.3d 199, 204 (9th Cir. 1995) (quoting <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994)).  All of petitioner's allegations, other than his claim of a <u>Marsden</u> violation, do not meet the specificity requirement.  Accordingly, this court will address only petitioner's claims regarding the denial of his motions for substitute counsel.